Leo **DESROSIERS**, Plaintiff,

v.

**AMERICAN CYANAMID COMPANY** and
**International Chemical Workers Union,**
**A.F.L.–C.I.O. Local No. 436, Defendants.**

**Civ. No. 11172.**

United States District Court
D. Connecticut.

April 25, 1969.

Jackson T. King, of Farren & King, New Haven, Conn., for plaintiff.

Donald C. Lunt, of Fay & Lunt, Wallingford, Conn., for defendant American Cyanamid Co.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

Defendant American Cyanamid Company's motion, pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the amended complaint for failure to state a claim upon which relief can be granted as against the company, presents the question whether an employee can maintain an action against his employer for breach of a collective bargaining contract despite the employee's failure to exhaust remedial procedures specified in the contract.

The Court holds that the employee can maintain such an action under the circumstances here presented. The company's motion to dismiss, accordingly, is denied.

## APPLICABLE LAW

The case is here on remand after the Court of Appeals affirmed the dismissal of Count I and reversed the dismissal of Count II of plaintiff's original four count complaint. Desrosiers v. American Cyanamid Company, 377 F.2d 864 (2 Cir. 1967).

In general, an employee must seek relief through the contract grievance procedure agreed upon by the employer and the union before he can seek judicial relief on a claim that the employer has breached the collective bargaining contract. Republic Steel Corp. v. Maddox,

379 U.S. 650 (1965). Where, however, it would be futile to follow the internal grievance procedure, as in the case of a conspiracy between the employer and the union against the employee, or where the company or the union or both have prevented resort to those procedures, the employee may go directly into court with his breach of contract claim. See Vaca v. Sipes, 386 U.S. 171 (1967); Desrosiers v. American Cyanamid Co., supra; cf. Hiller v. Liquor Salesmen's Union Local No. 2, 338 F.2d 778 (2 Cir. 1964).

*Vaca* is the leading case; but, as is evident from the opinions in that case, the law in this area is still unsettled. Briefly, *Vaca* involved a judgment of the Supreme Court of Missouri in favor of an employee who had sued his union alone, alleging discharge in violation of the collective bargaining contract and charging that the union arbitrarily had refused to take his grievance to arbitration under the applicable grievance procedures. After holding that the Missouri courts had jurisdiction of an action by an employee for breach of the duty of fair representation under § 301 of the LMRA, the Supreme Court reversed the judgment on the ground that the employee had failed to prove that the union breached its duty of fair representation because there had been no showing that the conduct of the union had been arbitrary, discriminatory or in bad faith. In the course of its opinion, the Court discussed the circumstances under which an aggrieved employee may seek judicial review of his breach of contract claim despite his failure to exhaust internal remedial procedures. The Court noted that "because these contractual remedies have been devised and are often controlled by the union and the employer, they may well prove unsatisfactory or unworkable for the individual grievant." It went on to state:

"* * * we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union

as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." 386 U.S. at 186.

### PRIOR PROCEEDINGS HEREIN

In the instant case, plaintiff, Leo Desrosiers, seeks money damages from his employer, American Cyanamid Company, and his union, International Chemical Workers Union AFL-CIO, Local 436, on an amended complaint charging the company and the union with breach of a collective bargaining agreement and charging the union with breach of its duty of fair representation.

Jurisdiction is founded on § 301 of the LMRA, 29 U.S.C. § 185 (1964), and § 102 of the LMRDA, 29 U.S.C. § 412 (1964).

In 1960, plaintiff, after two back operations, found himself unable to perform his job as a painter for the company. He sought a transfer to a less physically taxing job. Under § 10.25 of the agreement between the union and the company, plaintiff had the right to such a transfer, if a job of equal or lower classification were available. Between January, 1960, and November, 1962, plaintiff allegedly made several requests to both the company and the union to be transferred pursuant to § 10.25. He was not transferred. Consequently he was forced to terminate his employment with the company.

Plaintiff first brought an action against the company alone for breach of the collective bargaining agreement, alleging his incapacity and his requests for transfer. This action was dismissed by Judge Blumenfeld, on the authority of *Maddox, supra,* since plaintiff had failed to put his grievance in writing on the form provided by the company, as required by the grievance procedure set forth in the collective bargaining agreement. No appeal was taken from this dismissal.

Plaintiff thereafter instituted the present action, in four counts. Count I was against the company alone and alleged that plaintiff's requests for transfer were rejected or ignored by the company in

violation of the agreement, forcing plaintiff to quit and take less lucrative employment. Count II, after repeating the allegations of Count I, alleged in addition that "the refusal or failure of the defendant American Cyanamid Company to transfer the plaintiff was wanton and wilful conduct, was done with the knowledge and consent and connivance of the defendant union and was part of a conspiracy between the defendants to deprive the plaintiff of his rights under the agreement." Counts III and IV charged a violation by the union of the duty of fair representation by failing and refusing to assist plaintiff in obtaining the transfer he sought. No contention is made that this claim against the union for breach of its duty of fair representation is improper.

The company moved before Judge Blumenfeld for dismissal of, and for summary judgment on, Counts I and II on the grounds that the judgment of dismissal in the first action was res judicata as to the claims asserted, and that plaintiff's failure to avail himself of the contractual grievance procedures precluded resort to the Court in any event. Judge Blumenfeld granted the motion to dismiss Count I, on both grounds urged by the company. He also dismissed Count II, which contained the added allegation of conspiracy, on the ground that "plaintiff's failure to present his grievance directly to the company, as recommended in step one of the governing grievance procedure, precludes recovery on a claim of collusion to unfairly represent," especially since "[n]owhere is it alleged or claimed that the employer presented or took any steps, alone or in conjunction with the union, to hamper or prevent the plaintiff from filing a written claim of grievance." While plaintiff's appeal from the dismissal of Counts I and II was pending, the Supreme Court's decision in Vaca v. Sipes, *supra*, was handed down. Largely on the basis of *Vaca*, the Court of Appeals affirmed the dismissal of Count I but reversed the dismissal of Count II. Desrosiers v. American Cyanamid Co., *supra*. The Court of Appeals held that Count I merely alleged failure by the company and the union to secure plaintiff's transfer and therefore was "a clear case of failure to comply with the contractual grievance procedures without any showing that resort to such remedies would be futile or useless." As to Count II, the Court of Appeals held:

> "[Plaintiff's allegations] plainly are sufficient to charge that the Union acted arbitrarily and in bad faith and thus breached its duty of fair representation within the ambit of *Vaca*. Indeed, these allegations go further and charge, as in *Hiller*, that the employer and the union acted in collusion to deprive Desrosiers of his rights under the agreement. See Vaca v. Sipes, *supra*, 386 U.S. at 185–186. For purposes of withstanding a motion to dismiss on its face, the complaint suffices to allege that the employer-union conspiracy, directed at depriving Desrosiers of his rights under the agreement, included rendering futile the filing of a written grievance setting the contractual grievance procedure in motion or deterring him from filing such a grievance." 377 F.2d at 870–71.

The Court of Appeals also held that since this area of labor law was largely developed after the dismissal of plaintiff's first action, and since the merits of plaintiff's grievance were never tried, it would be unfair to bar plaintiff from proceeding on Count II on res judicata grounds. 377 F.2d at 871–72.

## PRESENT COMPLAINT AND MOTION TO DISMISS

Since the decision by the Court of Appeals, plaintiff has amended his complaint. It is this amended complaint which is the subject of the instant motion to dismiss. The complaint is now in two counts, against the company and the union, with the breach of fair representation claim apparently incorporated into the breach of contract claim rather than stated separately, as in the original complaint.

Count I, as amended, is similar to original Count I, except that a paragraph al-

leging the union's breach of its duty of fair representation has been added. (Originally Count I merely stated that the union had failed to secure plaintiff's transfer, but it did not allege that the union violated its duty of fair representation.)

Amended Count II repeats the allegations of Count I and adds that the refusals by the company and the union to transfer plaintiff were part of a conspiracy between the two to deprive plaintiff of his rights under the contract.

The company again moves to dismiss both counts pursuant to Rule 12(b) (6), Fed.R.Civ.P.

*Count I*

The company argues that Count I, as amended, does not materially differ from original Count I, the dismissal of which was affirmed by the Court of Appeals. Plaintiff, although not saying so precisely, may fairly be said to indicate that the addition of an allegation of breach of a duty of fair representation by the union makes this count good, under Vaca v. Sipes, *supra*. This is an important question, the answer to which will determine whether an employee, although failing to comply with grievance procedures, can sue his company for breach of contract by alleging merely that the union failed in its duty of fair representation, or whether he must actually allege a conspiracy between the union and the company. In short, can an employee recover from his company even though the company did not play a part in preventing him from exhausting contractual remedies?

The Court of Appeals did not pass specifically on this question, since Count I originally did not allege a breach of the duty of fair representation, and Count II alleged a conspiracy. The language of *Vaca* clearly supports the view that, at least in some cases, an allegation of breach of the duty of fair representation will suffice:

> "For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." 386 U.S. at 186

It is important to note, however, that this statement was made in a case where plaintiff charged the union with breaching its duty of fair representation by refusing to take plaintiff's claim to arbitration, the last step in the grievance procedure. In other words, the alleged breach by the union of its duty to represent fairly made it impossible to complete the contractual grievance procedure. Thus, it is possible that under *Vaca* the union's conduct actually must prevent exhaustion before an employee may proceed directly against the employer. *Cf. Vaca,* at 185–86:

> "We think that another situation when the employee may seek judicial enforcement of his contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee. To leave the employee remediless in such circumstances would, in our opinion, be a great injustice." (emphasis in original)

In his amended Count I, plaintiff alleges that the company rejected or ignored his requests for transfer and that the union arbitrarily and in bad faith

"refused or failed" to assist him in obtaining a transfer through the use of the contractual grievance procedure, thereby breaching its duty of fair representation. But the step in the grievance procedure which plaintiff failed to take —putting his complaint in writing— was a preliminary step which apparently he could have taken without assistance from the union. Thus, it may be said that the union did not actually prevent plaintiff from complying with the step of the grievance procedure with which he failed to comply; and it may plausibly be argued, under a narrow reading of *Vaca*, that plaintiff therefore should not be permitted to proceed on Count I.

Nevertheless, the Court holds that Count I should be read liberally to imply that the union's conduct prevented plaintiff from resorting to internal remedies or rendered any attempt to do so futile. In any case where the union will not help an employee secure rights against the employer, the employee's attempts to comply with grievance procedures are likely to be futile. It undoubtedly is the union which normally would inform the employee of the necessary steps in the grievance procedure —such as putting the grievance in writing—and, as in the instant case, the union's cooperation generally is required for all but the preliminary steps in that procedure. See 377 F.2d at 870 n. 6. Thus, an allegation that the union refused to cooperate with the employee may be held to imply that resort to grievance procedures would be useless, and express allegations to that effect would be unnecessary.

In addition, plaintiff's affidavit opposing the motions decided by Judge Blumenfeld stated that the union, in addition to putting off plaintiff's requests for assistance in securing a transfer and processing his grievance, had told plaintiff that it was preferable to obtain a transfer by peaceable means rather than by use of the grievance procedures. This easily could be read to indicate that the union effectively prevented resort to the contractual grievance procedures, thereby bringing the case within the narrower interpretation of *Vaca*.

*Count II*

Count II, containing an allegation of conspiracy between the company and the union to deprive plaintiff of his rights under the contract, clearly presents a valid claim. *Vaca, supra*; *Desrosiers, supra*; *Hiller, supra*. Defendant's argument, that plaintiff's allegations should have been amended to "specifically allege resort to the contractual grievance procedures would have been futile or useless," is without merit. The Court of Appeals, in reversing the dismissal of original Count II, did not require such an amendment; rather, it held that the conspiracy allegation sufficiently implied that resort to the grievance procedure had been deterred or would have been futile.

### ORDER

Ordered that defendant's motion to dismiss, pursuant to Rule 12(b) (6), Fed.R. Civ.P., be, and the same hereby is, denied in all respects.