## Bestwick v. Liberty Vehicle Leasing, Inc.

*John Morgan,* for plaintiff.

*Thomas D. MacMullen,* for defendant.

*Daniel W. Cooper,* for additional defendant.

DILLON, *J.,* July 22, 1974.—Defendant has filed preliminary objections to the complaint of plaintiff. In this complaint, plaintiff alleges that he was employed by defendant as a truck driver at the Homestead Works of the United States Steel Corporation in Allegheny County, Pennsylvania.

Plaintiff states that defendant does business within Butler County. Plaintiff alleges that from July 12, 1973, until September 14, 1973, he was ill with emphysema and coronary arteriosclerosis and was under the care of Dr. J. T. McClowry of Springdale, Pa. Plaintiff complains that defendant failed to: (1) provide medical payments for the period in which he was ill; (2) credit for assignment of work to other individuals on overtime when plaintiff had the highest seniority on the job site; and (3) reinstate plaintiff when he recovered and it owes him back pay for such period.

Plaintiff filed a complaint against defendant with the National Labor Relations Board which was dismissed on January 31, 1974. No appeal was taken from that opinion.

Defendant's preliminary objections are denied for the reasons which follow. These objections will be discussed in the order of pleading.

Initially, defendant contends that the Federal Labor-Management Relations Act has caused Federal preemption of the labor field in this type of case and cites cases which show this is true for some situations. However, plaintiff cites Smith v. Evening News Association, 371 U. S. 195, 83 S. Ct. 267 (1962), which controls the instant case. There, the U. S. Supreme Court permitted employes to sue their employer in a State court for violation of a labor contract. The court said this was authorized by section 301(a) of the Labor-Management Relations Act of June 23, 1947, c. 120, tit. 3, 29 U. S. C. §185(a) 61 Stat. 156 (1947). This was done even though the dispute was concededly an unfair labor practice within the jurisdiction of the National Labor Relations Board. Although the court said in Smith, supra (at p. 201, n. 9) that it was not deciding "the standing of other employees to sue upon other clauses in other contracts," there is no reason to think that the basic issue of discharge of the employe in the instant case would be decided any differently by the court. See Humphrey v. Moore, 375 U. S. 335, 343-44, 84 S. Ct. 363, 369 (1964); reh. den. 376 U. S. 935, 84 S. Ct. 697. Therefore this preliminary objection is denied.

Defendant next asserts that the Butler County Court of Common Pleas does not have jurisdiction or venue over the parties. Pa. R. C. P. 2180 gives jurisdiction to this court and Pa. R. C. P. 2179(2) shows that a proper venue is here also. A county where the corporation regularly conducts business is a proper venue and

there is no dispute that defendant regularly conducts business in this county. These preliminary objections are disallowed.

Defendant then contends that the union is the proper plaintiff, not the named plaintiff. However, the procedure followed in this case has already been permitted by the U. S. Supreme Court: Smith v. Evening News Association, supra. This is permitted by the Pennsylvania Supreme Court, too: Aughenbaugh v. North American Refractories Co., 426 Pa. 211, 231 A. 2d 173 (1967). See also Kinter v. Unemployment Compensation Board of Review, 180 Pa. Superior Ct. 529, 119 A. 2d 639, 640-41 (1956). This preliminary objection is denied.

The next averment made by defendant is that by bringing an unfair labor practice before the N. L. R. B., plaintiff has elected his remedy and is foreclosed from suing in State courts. Defendant has cited no authority for this position and it is incorrect. See Thomas v. Consolidated Coal Co., 380 F.2d 69, 77-79 (4th Cir., 1967); cert. den. 389 U. S. 1004, 88 S. Ct. 562; reh. den. 389 U. S. 1059, 88 S. Ct. 768. This preliminary objection is overruled.

Defendant next asserts that plaintiff has not exhausted his intra-union remedies. If that is true, plaintiff's action in this court is premature: Aughenbaugh v. North American Refractories Co., supra. Plaintiff contends in his brief that he has notified the union and the company of his demands and they have chosen not to negotiate his claim under the terms of the labor contract.[1] Under 11.1 of the labor contract, a provision entitled Arbitration and Grievance [Sic.] Procedure,

---

[1] Plaintiff's allegation in this matter is not sworn to in the complaint. Plaintiff is therefore given ten days to amend his complaint and swear to this contention or this preliminary objection will be granted and the action dismissed.

if both the union and the employer take the same undisputed view of the alleged dispute, default in payment of wages or health benefits are subjects not subject to the grievance procedure. All that is required of the employe is that he attempt to exhaust his intraunion remedies: Aughenbaugh v. North American Refractories Co., supra, at 231 A. 2d 178. This preliminary objection is denied if the provisions of footnote one are complied with.

Defendant finally states that plaintiff alleges that the agreement between the company and the union was to apply to work done before its adoption and plaintiff does not allege in his complaint whether this supplemental agreement was oral or in writing. Pa. R. C. P. 1019(h) says if a claim is based upon a writing, the pleading shall attach a copy of the writing. Plaintiff's claim is apparently based on the labor contract and he has attached a copy of that document. Therefore, this preliminary objection is overruled.

## ORDER

And now, July 22, 1974, the preliminary objections of the defendant are denied. Plaintiff is directed, as pointed out in the footnote, to verify his complaint forthwith. Defendant is granted until September 2, 1974, to file its answer.

---

DILLON, J., April 7, 1975.—Defendant Liberty Vehicle Leasing Inc. (hereinafter called company) has filed a complaint to join additional defendant, Building Materials and Construction Drivers, Helpers and Material Handlers, Local 341 (hereinafter called union) alleging, among other things, that the union failed to negotiate plaintiff's claims under the term of the collective bargaining contract. The union has filed preliminary objections in the nature of a demurrer to

the complaint alleging that the complaint fails to state a claim that there was a breach of contractual obligation between any of the original parties and itself, that the company did not allege that the union failed to process any grievance or the filing of any grievance by plaintiff, that there is a misjoinder, because it contends the court held in its July 22, 1974 opinion that the nature of plaintiff's claim is not subject to the grievance-arbitration procedure of the agreement.

All these preliminary objections are overruled. Plaintiff's amended complaint in response to the court's opinion of July 22, 1974, alleges sufficient facts to bring the union into the action as an additional defendant. See Desrosiers v. American Cyanamid Co., 299 F. Supp. 162 (D.C. Conn. 1969). Indeed the union might well be an indispensable party after that amendment. Plaintiff there alleges facts which tend to show that the union breached its duty of fair representation: Vaca v. Sipes, 386 U. S. 171, 87 S. Ct. 903, 176 L. Ed. 2d 842 (1969); Abrams v. Carrier Corporation 434 F. 2d 1234 (2d Cir. 1970); cert. den., AFL-CIO v. Abrams, 401 U. S. 1009 (1971). In Vaca, the Supreme Court said a union breached its duty of fair representation when it arbitrarily or in bad faith refused to process a union member's grievance. The court in the instant case did not rule that plaintiff's claim was not subject to the grievance-arbitration procedure. Indeed, if it had been processed, it might not now be in this court.

The union makes the same type of election of remedies or res judicata argument that the company made in its preliminary objections. The union says that, since the regional director failed to find an unfair labor practice against the union, it is beyond the jurisdiction of this court to rule any differently. The union cites Canning v. Stevens, Inc., 72 L.R.R.M. 2610 (N. Y.

Supreme Court, 1969), to support this proposition. However, this court agrees more with the reasoning in Thomas v. Consolidated Coal Company, 380 F. 2d 69, 77-79 (4th Cir., 1967); cert. den. 389 U. S. 1004, 88 S. Ct. 562; reh. den. 389 U. S. 1059, 88 S. Ct. 768, which differs from the New York Supreme Court's Canning decision.

The company's complaint to join the union as an additional defendant inartfully alleges that the union failed to "negotiate" plaintiff's grievance, instead of saying "process," but under the liberal construction of complaints, the court will acknowledge the intent of the pleader, which says in effect that the union failed to "process" the grievance.

### ORDER

And now, April 7, 1975, it is ordered that additional defendant's preliminary objections are overruled. Additional defendant has 20 days after the date of this opinion to file an answer.