**Gordon F. JOHNSON, Plaintiff,**

**v.**

**COLTS, INC., Defendant.**

**Civ. No. 13052.**

United States District Court
D. Connecticut.

July 7, 1969.

to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on two grounds: (1) failure of plaintiff to utilize or exhaust the grievance and arbitration procedures provided in the collective bargaining agreement; and (2) failure of plaintiff to join his local union and its national, whom defendant alleges are indispensible parties. For the reasons more fully developed below, defendant's motion in all respects is denied.

## FACTS

From 1943 until 1963 plaintiff was employed by defendant in various capacities, all within the bargaining unit as defined in the collective bargaining agreement. In 1963 he was promoted to foreman, a position out of his bargaining unit. In this capacity he was required to terminate his union membership. At the end of 1968 plaintiff's employment with defendant was terminated.

Under the collective bargaining agreement between defendant, Local 376 and the United Automobile, Aerospace and Agricultural Implement Workers of America, UAW–AFL–CIO, employees promoted out of the bargaining unit continue to accumulate seniority, "and such employees must return to the classification they occupied prior to leaving the bargaining unit or a like classification in the same grade." (Art. IX, § 10(a)). In his complaint plaintiff alleges that he requested defendant to observe this provision of the agreement; upon defendant's refusal to restore plaintiff to an appropriate position within the bargaining unit, plaintiff instituted the instant action.

William S. Zeman, of Zeman Daly & Silvester, Hartford, Conn., for plaintiff.

Jay S. Siegel, Hartford, Conn., for defendant.

TIMBERS, Chief Judge.

In this action brought by an employee pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), defendant employer has moved

## CLAIMS OF THE PARTIES

The collective bargaining agreement, under which plaintiff asserts rights as a third party beneficiary, contains grievance and arbitration provisions. Plaintiff concedes that he did not attempt to utilize these provisions, justifying this on the ground that he no longer was "entitled" to use them, having ceased to be a member of the bargaining unit and

of the union. The relevant parts of these provisions require that "differences as to the application or interpretation of the terms of this agreement . . . between . . . the Company and *any employee in the bargaining unit* . . . shall be handled in the manner hereinafter set forth." (Art. XIV, § 1) (emphasis added). The remainder of Article XIV details a three step grievance procedure; following this appears the arbitration article, which itself is limited to "dispute[s] arising under Article XIV of this agreement . . . ." (Art. XV, § 1).

Plaintiff contends that, by express limitation, the grievance and arbitration machinery is available only to members of the bargaining unit; and that since, at the time of his alleged wrongful termination, he was a supervisory employee no longer within the bargaining unit, pursuit of such procedures was unnecessary and would have been improper under the agreement. In short, he argues that the parties to the agreement expressly limited its coverage to members of the bargaining unit; and that, since plaintiff was not such a member when terminated, he should not be placed under any disability for his failure to pursue this course of action.

Defendant contends, on the other hand, that plaintiff's claim arose at the time of his termination; and at that time his "status automatically became that of an employee with an alleged right to a job within the bargaining unit by virtue of the labor contract." Briefly stated, defendant's argument is that plaintiff cannot assert rights arising under the collective bargaining agreement without claiming status as a member of the bargaining unit; and that, cloaked with such status, he must proceed under the guidelines established in the agreement for members of the bargaining unit.

### DUTY TO ARBITRATE

■■ . An employee must seek relief through the contract grievance procedure established by the collective bargaining agreement before he can pursue judicial relief under § 301, unless he alleges that his union has breached its duty of fair representation or that his employer has repudiated the arbitration machinery. Vaca v. Sipes, 386 U.S. 185 (1967); Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965); Desrosiers v. American Cyanamid Co., 377 F.2d 864 (2 Cir. 1967), on remand, 299 F.Supp. 162 (D.Conn. 1969). While the two specified exceptions have been expressly discussed in the cases cited above, implicit therein is a third exception: namely, that no one can be compelled to arbitrate a dispute unless he (or his representatives) have agreed to do so. See, *e.g.*, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc., 403 F.2d 807, 809 (2 Cir. 1968).

The question upon which decision of defendant's motion to dismiss turns is whether or not the parties to the collective bargaining agreement intended that supervisory personnel claiming residual benefits from their former status as members of the bargaining unit must (or even may) utilize the grievance machinery as a prerequisite to judicial relief. Although the Court disagrees with plaintiff's argument that the agreement "clearly" excludes him from coverage, and recognizes the anomaly in permitting him to seek substantive benefits under the agreement without adhering to its procedural formalities, the Court also has difficulty in accepting defendant's theory that upon his termination as a supervisory employee plaintiff reverted to a status within the bargaining unit, since it is defendant that apparently is opposing the substantive benefits incidental to the status it seeks to impose on plaintiff.

■■ The ultimate determination of whether the language of Articles XIV and XV, limiting grievance and arbitration to members of the bargaining unit, was intended by the parties to cover employees promoted out of the bargaining unit who later seek benefits arising out of their former status, must be made by

the Court. Just as "[i]t is well established that whether the parties to a bargaining contract have agreed to submit specific issues to arbitration is for the court to determine," Int'l Union of Electrical Workers v. General Electric Co., 407 F.2d 253, 255 (2 Cir. 1968), citing John Wiley & Sons v. Livingston, 376 U.S. 543, 546–47 (1964), it is equally clear that the Court must decide whether a party collaterally bound by the contract has "standing" to arbitrate thereunder. In arriving at such determination, all inferences are drawn in favor of arbitrability: "[I]t is 'national policy' to encourage arbitration of labor disputes, . . . doubts as to arbitrability should be 'resolved in favor of coverage,' . . . language excluding certain disputes from arbitration must be 'clear and unambiguous' or 'unmistakably clear,' and . . . arbitration should be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' This is an imposing litany for the [party opposing arbitration] to overcome." Int'l Ass'n of Machinists v. General Electric Co., 406 F.2d 1046, 1048 (2 Cir. 1969). See generally United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–85 (1960). However, as noted in International Union of Electrical Workers, *supra*, at 256, where the "contract attempts to delineate a more restricted area of arbitrability" as opposed to one which contains the broad or standard arbitration clause, the litany recited above must be interpreted in light of the restrictions imposed by the parties themselves upon the duty to arbitrate.

■ On the present state of the record, the Court cannot make an intelligent assessment of the intent of the contracting parties in limiting grievance and arbitration to members of the bargaining unit. Both plaintiff and defendant have addressed themselves primarily to the applicability of the *Vaca-Maddox* exhaustion rationale without a thorough evaluation of the relevant part of the collective bargaining agreement

itself. In addition, the absence of the unions as parties to this litigation renders such contractual interpretation less desirable. The Court, accordingly, is ordering that the unions be joined as parties to this action. The presence of all parties to the agreement will better enable the Court to act on a more complete record, if defendant chooses to renew its motion by addressing itself to the major issues noted above.

Accordingly, defendant's motion to dismiss for failure of plaintiff to utilize the contractual grievance procedures is denied, but without prejudice to its renewal.

### JOINDER OF UNIONS

■ Disposition of the second ground of defendant's motion may be made more directly. The failure of plaintiff to join the local and national unions need not result in dismissal of the action. Under Rule 19(a), Fed.R.Civ.P., a person subject to service of process, whose joinder will not deprive the Court of jurisdiction, may be made a party upon order of the Court. The respective unions should be made parties to this action; whether their interests are co-extensive with those of plaintiff or defendant is not clear. The primary purpose of joining them as parties is to aid in the Court's interpretation of the collective bargaining agreement.

■ The Court orders that the complaint be amended by naming Local 376 and the United Automobile, Aerospace and Agricultural Implement Workers of America, UAW-AFL-CIO, as parties defendant; if subsequent events demonstrate that the unions' position is antagonistic to that of the present defendant, appropriate remedial action will be taken by the Court, upon motion of the parties, to join the unions as plaintiffs. The interest of the unions in the construction of the collective bargaining agreement is self-evident, as is the interest of defendant in binding the unions to any construction of the agreement made by the Court. Plaintiff's interest vis-a-vis the unions, while less

clear, derives from the necessity of his establishing that his failure to utilize the grievance machinery should not preclude his present complaint.

Accordingly, defendant's motion to dismiss for failure of plaintiff to join the unions is denied; but it is ordered that the complaint be amended and process issued to bring the said unions in as co-defendants.

### ORDER

ORDERED as follows:

(1) That defendant's motion to dismiss be, and the same hereby is, denied, but without prejudice to its renewal upon a more complete record, as indicated above.

(2) That plaintiff be, and he hereby is, directed to serve and file an amended complaint within 30 days from the date of this order, naming said unions as co-defendants, such order being subject to the availability of jurisdiction over said unions.