George R. **WILLIAMS** et al., Appellants,

v.

**PACIFIC MARITIME ASSOCIATION**
a non-profit corporation, et al.,
Appellees.

No. 23605.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1970.

---

Arthur Brunwasser (argued), San Francisco, Cal., Francis Heisler, Carmel, Cal., Irving A. Thau, New York City, for appellants.

Norman Leonard (argued), San Francisco, Cal., Richard Ernst (argued), Dennis Daniels, Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for appellee.

Before HAMLEY, CARTER and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

This is an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), from a district court order striking the fourth and fifth claims of the fourth amended complaint, and dismissing the entire action as to the personal defendants. The background facts concerning this complex litigation are set forth in Williams v. Pacific Maritime Association, 384 F. 2d 935 (9th Cir. 1967).

In the fourth and fifth claims plaintiffs alleged that the personal defendants, who are officers and executive officials of defendant unions, engaged in a civil conspiracy to bring about the wrongful deregistration and discharge of plaintiffs. By reason of the wrongs alleged in those claims, each of the plaintiffs sought punitive damages against defendants in the amount of $100,000. Defendants moved to strike these claims on the ground that, under federal labor law, no monetary damages may be recovered from individuals based upon their conduct as members or officials of a labor union, and no punitive damages may be recovered from a union or its members and officials based upon union activity. The district court did not state its reasons for granting the motion; we therefore presume that it did so on the grounds urged by defendants.

Plaintiffs argue that, regardless of what the federal labor law permits or forbids in this regard, monetary damages, general and punitive, for civil conspiracy are recoverable from a union and its members and officials under the law of California. Plaintiffs assert that, this being the case, the federal court in the exercise of pendent jurisdiction may entertain these state claims in connection with the first three claims of the fourth amended complaint which are substantial in character and arise under federal labor law. Although plaintiffs acknowledge that the exercise of pendent jurisdiction is discretionary with the district court, they assert that in this case the district court did not purport to strike the claims in the exercise of such discretion.

As defendants point out, the fourth and fifth claims, which the district court struck, do not purport to be based upon California state law. The only statutory reference in the complaint is to section 301 of the Labor-Management Relations Act, 1947 (Act), 29 U.S.C. § 185. Nevertheless, defendants have not been taken by surprise. In resisting the motion to dismiss in the district court, plain-

tiffs fully presented the state law theory they urge on this appeal. Accordingly, if we find that plaintiffs' state law theory is cognizable in this suit, any deficiency in pleading may be corrected by permitting a further amendment of the complaint.

Turning to the merits, we think the proposition is established under federal labor law that punitive damages may not be awarded for grievances of the kind alleged in the fourth and fifth claim. See Vaca v. Sipes, 386 U.S. 171, 195, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).[1] It is likewise our view that, under federal labor law, individual union members are not liable in damages by reason of conduct such as plaintiffs charge against the personal defendants. 29 U.S.C. § 185(b), Atkinson v. Sinclair Refining Co., 370 U.S. 238, 245, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

We conclude that the Congressional policy on these matters, as manifested by the federal labor laws, is such that it was intended to be controlling and therefore preempts state law to the contrary. We are persuaded as to this by the rationale of such cases as Vaca v. Sipes, 386 U.S. 171, 195, 87 S.Ct. 903 (1967), Atkinson v. Sinclair Refining Co., 370 U.S. 238, 245–246, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), and San Diego Building Trades Council v. Garmon, 359 U.S. 236, 243, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

Finally, two cases relied upon by plaintiffs are distinguishable. In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held that where violence and threats of violence appear in labor disputes, state remedial remedies are not preempted by federal labor law. No violence or threats of violence are involved in the case now before us. And, although Rumbaugh v. Winifrede Railroad Co., 331 F.2d 530 (4th Cir. 1964), may be in point on the general problem

of pendent jurisdiction, it did not involve the specific problem now under discussion, monetary recovery against personal defendants and the allowance of punitive damages.

Affirmed.

1. See also, Republic Steel Corp. v. N. L. R. B., 311 U.S. 7, 10, 61 S.Ct. 77, 85 L. Ed. 6 (1940); Local 127, United Shoe Workers of America v. Brooks Shoe Manufacturing Co., 298 F.2d 277, 278 (3rd Cir. 1962).