Charles **NEDD**, Dominic Iero, Max Dynoski and Anthony Ganly, Members of the Pensioned Anthracite Coal Miners Protest Executive Committee, Suing on Behalf of Themselves and All Other Members of the Class of Pensioned Anthracite Coal Miners and Widows of Deceased Pensioned Anthracite Coal Miners, Plaintiffs,

v.

Emmett **THOMAS**, Nicholas J. Haydock and John D. Jillson, Trustees of the Anthracite Health and Welfare Fund, Defendants,

and

United Mine Workers of America, an unincorporated Trade Union Association, Defendant.

Civ. No. 8796.

United States District Court,
M. D. Pennsylvania.

June 30, 1970.

James S. Palermo, Hazleton, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

Charles A. Shea, Jr., A. Richard Caputo, Wilkes-Barre, Pa., for defendants, Thomas and others.

Charles A. Wolfe, Thomas N. O'Neill, Jr., Philadephia, Pa., James W. Scanlon, Scranton, Pa., Edward L. Carey, Washington, D. C., for defendant, United Mine Workers of America.

## MEMORANDUM

NEALON, District Judge.

In their latest motion, defendants, United Mine Workers and Trustees of the Anthracite Health and Welfare Fund, have moved, pursuant to Fed.R. Civ.P. 39(a) (2), to strike the plaintiff Pensioned Miners' demand for a jury trial.

The Union's principal contention is that this lawsuit is essentially an equitable one unknown to the common law; likewise, the Trustees maintain that the cause of action attempted to be asserted against them is one that is traditionally equitable and advance the additional reason that no jury trial should be held since no statute specifically confers such a right. The Pensioned Miners argue, on the other hand, that they are entitled to a jury trial under the various federal labor statutes pleaded in their Amended Complaint and also for the reason that they are seeking a money judgment.

## INTRODUCTION

The original complaint filed in this case alleged a breach of contract by the Union alone and predicated jurisdiction on Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a). The Court of Appeals held that this Court lacked jurisdiction under Section 301 but remanded with instructions to allow the Pensioned Miners time to amend their complaint under the analysis of the issues contained therein. Nedd v. UMWA, 400 F.2d 103 (3d Cir. 1968). In determining that no "breach of contract" sufficient to establish Section 301 jurisdiction was present, the Court stated that the conduct attributed to the Union " * * * may well consti-

tute a breach of the Union's equitable duty as a fiduciary representative of employees to act in their interest, fairly and in good faith, and without unreasonable discrimination throughout the area in which it has been empowered to function." In explaining the considerations entering into its order to remand, the Court expressed itself as follows:

"The sum of all this is that the present complaint misconceives the legal character of the wrong charged, incorrectly identifies the statutory basis of federal jurisdiction and seeks relief to which the plaintiffs are not entitled as against the defendant. Yet, the complaint discloses what may be a federal wrong and, conceivably, a basis for equitable relief or damages. Under Vaca v. Sipes, supra, damages might be recoverable if, as a result of defendant's alleged failure to insist on operator contributions, it is no longer possible to collect delinquent payments in full from all operators."

Plaintiffs were also directed to join the Trustees as necessary parties.

In their Amended Complaint the Pensioned Miners charged the Union with breaching its fiduciary duties, its duties as a labor union and its duty of fair representation by negligently or willfully or maliciously failing to cause all sums due and owing from the operators to be duly and lawfully collected, managed and distributed, and also by knowingly and willfully participating in the breaches of fiduciary duties by the Trustees. Recovery against the Trustees is bottomed on averments that they negligently or willfully or maliciously failed to collect all sums lawfully due and owing to the Fund and to manage the Fund according to law. Judgment is sought against the Union and in favor of the Fund in such total amount as shall be found to have been lost to the Fund by reason of the Union's failure to perform its duties or by reason of its participation in the Trustees' breaches of fiduciary duty and against the Trustees for their failure to perform their duties properly.

## SUIT AGAINST TRUSTEES

■ "The right to a jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." Jacob v. City of New York, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942).[1] The Seventh Amendment preserves to litigants the right to jury trial in suits at common law "not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those, where equitable rights alone were recognized, and equitable remedies were administered * * *" Parsons v. Bedford, Breedlove & Robeson, 3 Pet. 433, 446, 7 L.Ed. 732 (1830). The Constitutional question depends on the nature of the issue to be tried rather than the character of the overall action. Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

■ Generally the remedies of a beneficiary against the Trustee are exclusively equitable. Local No. 92, International Ass'n of Bridge, Structural and Ornamental Iron Workers, AFL–CIO v. Norris, 383 F.2d 735 (5th Cir. 1967). Restatement of Trusts, Second, § 197, comment b (1959), reads:

"A trustee who fails to perform his duties as trustee is not liable to the

---

1. The Seventh Amendment of the United States Constitution states:
   "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S.Const. Amend. VII.
   Rule 38(a) of the Federal Rules of Civil Procedure states:
   "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

beneficiary for breach of contract in the common-law actions of special assumpsit or covenant or in a similar action at law in States in which the common-law forms of action have been abolished. The creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract. Moreover, questions of the administration of trusts have always been regarded as of a kind which can adequately be dealt with in a suit in equity rather than in an action at law, where questions of fact would be determined by a jury and not by the court."

█ The relief sought here is for payment of money into the fund and not for payments immediately and unconditionally to the beneficiaries. See Dixon v. Northwestern National Bank of Minneapolis, 297 F.Supp. 485 (D.Minn. 1969). It is to compel the Trustees to redress a breach of trust by refunding to the trust estate and is not converted into a legal action merely because the refunding is inevitably in dollars. See Local No. 92 v. Norris, supra. As such, it is an equitable proceeding to be tried to the Court and not to a jury. Furthermore, while plaintiffs' action against the Trustees is based on Section 302 of the Labor-Management Relations Act of 1947, there is nothing in that section, or in any of the other applicable statutes, that can reasonably be interpreted to provide a right to a jury trial.

## SUIT AGAINST UNION

██ The mandate from the Court of Appeals in this case clearly refers to a possible breach of the Union's equitable duty as a fiduciary representative and this has not been altered by plaintiffs' averment of negligence or the fact that relief is sought in terms of dollar payments to the Fund. Once again, it must be remembered that the Pensioned Miners do not seek damages payable immediately and unconditionally to them but request restoration of money lost to the Fund. The action against the Union is premised on a breach of its fiduciary duty as exclusive bargaining agent to represent its employees fairly under federal statutes. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Where a new cause of action is created by Congress, and nothing is said about how it is to be tried, the jury trial issue is determined by fitting the cause into its nearest historical analogy. Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101 (1913); Ross v. Bernhard, supra, (Stewart, J. dissenting). If the statutory proceeding is not in the nature of a suit at common law, then a jury trial is not required. N.L.R.B. v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1936). In a persuasive opinion, the District Court of Delaware, Brady v. TWA, 196 F.Supp. 504 (D.Del.1961), aff'd, 401 F.2d 87 (3d Cir. 1968), cert. denied, International Ass'n of Machinists v. Brady, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969), held that an action based on the breach of a Union's duty of fair representation was clearly unknown to the common law and thus a jury trial was not required. Futhermore, in Local No. 92 v. Norris, supra, members sued their union " * * * to compel an accounting, the end result of which would be to restore to the Local's treasury any funds found to have been misappropriated by the officials of the Local in violation of the fiduciary responsibilities imposed upon them by the Act. * * *" 383 F.2d at 740–741. The Court described the relief sought as traditionally equitable not only in name but in substance and construed the complaint not as seeking "damages in the legal sense" but rather "requesting an equitable accounting wherein damages may be determined." Accordingly, the Court decided that defendants were not entitled to a jury trial. I conclude, therefore, that the right to a jury trial does not exist for the cause of action asserted by plaintiffs against the Union.

CONCLUSION

The characterization of this action by the Court of Appeals, the relief sought by plaintiffs against both defendants, and the controlling case law militate the conclusion that this is an equitable proceeding to be tried to the Court. Therefore, defendants' motion to strike plaintiffs' demand for a jury trial will be granted.