**Terrence J. HARRISON, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

**No. IP 71-C-233.**

United States District Court, S. D. Indiana. Indianapolis Division.

Aug. 2, 1973.

Preston T. Breunig, of Buck, Berry, Landau & Breunig, Indianapolis, Ind., for plaintiff.

Jack R. Snyder, of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant.

ENTRY AND ORDER

STECKLER, Chief Judge.

This matter came before the Court on the motion of the defendant to strike plaintiff's demand for trial by jury as to the following issues:

1. Did the Union breach its duty of fair representation in regard to the discharge of the plaintiff by the defendant?

2. Has the plaintiff failed to exhaust his internal union remedies?

The defendant contends that the issue concerning the Union's duty of fair representation arises from the federal labor statutes. And since a suit based on a breach of this duty was unknown at common law, it is, therefore, not within the scope of those matters for which the Seventh Amendment preserves the right of trial by jury. The defendant further contends that the issue of whether or not the plaintiff has exhausted his internal union remedies is contained within the broader fair representation issue, and, therefore, no right to trial by jury attaches to the second issue either. The Court notes that the defendant does not contest the right of the plaintiff to a

**10**

trial by jury on the merits of his claim that the defendant breached the collective bargaining agreement when it discharged the plaintiff.

The plaintiff contends primarily that the relief he seeks controls the resolution of his right to a jury trial. And since plaintiff seeks only an award of damages, and not injunctive relief, a jury trial should be granted as a matter of right.

This Court disagrees with the plaintiff and adopts the contentions propounded by the defendant. *See generally*, Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

In a persuasive opinion, the District Court of Delaware, Brady v. TWA, 196 F.Supp. 504 (D.Del.1961), aff'd, 401 F. 2d 87 (3d Cir. 1968), cert. denied, International Ass'n of Machinists v. Brady, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969), held that an action based on the breach of a union's duty of fair representation was clearly unknown to the common law and thus a jury trial was not required. *See*, Nedd v. Thomas, 316 F.Supp. 74 (M.D.Pa.1970).

■■■ Clearly, the plaintiff has a right to trial by jury on the legal issue of his claim, that is, whether the defendant is liable for the alleged breach of contract and damages, if any, resulting thereby. However, the two issues under consideration by the Court at this time are equitable in nature and, therefore, the plaintiff is not entitled to a jury determination on these particular issues. Acheson v. Bottlers Local 896, 70 L.C. ¶ 13520, CCH Lab.L.Rep. (N.D.Cal.1973).

Wherefore, the Court having considered the defendant's motion to strike the plaintiff's demand for trial by jury on the two said issues cited herein, the briefs in support thereof and in opposition thereto, and being duly advised in the premises, concludes that said motion to strike should be, and it is, hereby granted.

It is so ordered.