Donald **ROWAN** and Ernest Bergeron, Plaintiffs,

v.

**HOWARD SOBER, INC.,** International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union 299 Teamsters, Jointly and Severally, Defendants.

Civ. A. No. 37276.

United States District Court, E. D. Michigan, S. D.

May 14, 1974.

Glotta, Adelman & Dinges, by Michael Adelman, Detroit, Mich., for plaintiff.

Terrance K. Jolly, Bloomfield Hills, Mich., for defendant Howard Sober, Inc.

Dave L. Uelmen, Milwaukee, Wis., for defendant Local 299.

## MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

This opinion and order is in response to defendants' motion to strike plaintiffs' demand for jury trial and motion to change the order of proofs.

The facts of this case as disclosed by the record indicate that plaintiffs, Donald Rowan and Ernest Bergeron, are employees of defendant, Howard Sober, Inc., and are members of defendant, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers

of America and defendant Local 299 of the beforementioned union.[1] Because of defendants' alleged collusion, conspiracy and bad faith, plaintiffs filed a complaint which alleges that plaintiffs have suffered severe and substantial injuries including past, present and future lost wages as a result of the defendant company's breach of the applicable collective bargaining agreement, and defendant union's breach of its duty of fair representation. In their complaint plaintiffs seek both injunctive relief, and compensatory and punitive damages against defendants. On January 18, 1974, defendants submitted the present motions. For the reasons which will be explained below, the Court denies defendants' motions.

I

Defendants first move to strike plaintiffs' demand for jury trial. In support of their motion defendants contend that plaintiffs, by suing to enforce their right to be represented fairly, are seeking an equitable remedy, and that plaintiffs do not have a right to a jury trial if the action is equitable in nature.

Plaintiffs in opposition to defendants' contentions state that they are entitled to a jury trial, because plaintiffs, in addition to seeking injunctive relief, are seeking damages for a breach of contract and for a breach of the duty of fair representation, and that such an action entitles a plaintiff to a trial by jury as prescribed by the United States Constitution.

The right to a jury trial in federal courts is provided for by the Seventh Amendment of the Constitution of the United States. The Amendment states that:

In suits of common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Although this amendment appears to be very clear, its applicability to cases such as the present case, which contains equitable as well as legal issues, has been very difficult to determine.

The standards for applying the Amendment was recently commented on by the Supreme Court in Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L. Ed.2d 729 (1970). In that case the Court, 396 U.S. at 533, 90 S.Ct. at 735 stated that:

The Seventh Amendment preserves to litigants the right to jury trial in suits at common law—

"not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered. . . . In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." Parsons v. Bedford, 28 U.S. 433, 3 Pet. 433, 447, 7 L.Ed. 732 (1830). (Emphasis supplied.)

The Court further noted that:

Under . . . [cases such as Beacon Theatres, Inc., v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and Dairy Queen Inc., v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L. Ed.2d 44 (1962)] where equitable legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.

1. Both entities will hereinafter be collectively referred to as the "union."

The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action. *Id.* 396 U.S. at 537, 90 S.Ct. at 738.

■ The Court then listed three factors that should be considered in distinguishing legal from equitable claims by stating:

[T]he "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries. *Id.*, 396 U.S. note 10 at 538, 90 S.Ct. at 738.

See also Farmers-Peoples Bank v. United States, 477 F.2d 752 (6th Cir. 1973).

In applying these factors, this Court will first address plaintiffs' claim for damages arising out of defendant union's alleged breach of its duty of fair representation.

The First factor, which avers to the pre-merger custom with reference to the law-equity issue, is really a factor for determining whether the claim is comparable to the words "action at law" or "suit in equity" which were used prior to the merger of law and equity in the federal courts in 1938. See Rogers v. Loether, 467 F.2d 1110, 1123 (7th Cir.) aff'd Curtis v. Loether, 415 U.S. 189 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). In order to make this determination, this Court, as indicated in *Ross,* must make an inquiry into the history of the nature of the claim.

■ Although there was no duty of fair representation at common law, this Court is of the opinion that the rights of plaintiff are analogous to one specific common law right, i. e. the right to seek a legal remedy to compensate a plaintiff for breach of a legal duty owed him by a defendant. Rogers v. Loether, *supra,* 467 F.2d note 21, at 1116. Of particular

interest to the present controversy is the fact that the court in the *Rogers* case noted that the origin of a legal duty does not necessarily determine the nature of the suit. For example, the legal duty which may be owed to plaintiff may be prescribed by the common law, by contract or by statute. *Id.*

The duty involved in the present case, the duty of fair representation, was developed by the courts during the last thirty years by construing various federal labor statutes. Steele v. Louisville & Nashville R. Co., 323 U.S. 192, 65 S. Ct. 226, 89 L.Ed. 173 (1944); Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S. Ct. 681, 97 L.Ed. 1048 (1953); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Thus, this Court must conclude that plaintiffs' claim for damages because of defendant union's alleged breach of its duty of fair representation is comparable to the words "action of law" which were used prior to the merger of law and equity in the federal courts.

■ The second factor, the nature of the remedy, also indicates that plaintiffs are entitled to a jury trial. This conclusion is supported by the fact that the Seventh Amendment entitles the parties to a jury trial in an action for damages which resulted from an alleged breach of a legal duty which was owed to a person. Ross v. Bernhard, *supra,* 396 U.S. at 533, 90 S.Ct. 733. See also Dairy Queen Inc. v. Wood, *supra*; Rogers v. Loether, *supra,* 467 F.2d at 1113; Woods v. North American Rockwell Corp., 480 F.2d 644, 648 (10th Cir. 1973) [union may be liable in damages for breach of its duty of fair representation].[2]

2. The Court, while recognizing that a party is entitled to a jury trial in actions for legal damages, also recognizes that there are circumstances where a party may seek monetary damages, yet not be entitled to a jury

trial. For example, in an action for monetary damages under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) would not entitle a party to a jury trial because actions under the Act are

■ The third factor, which considers the practical abilities and limitations of juries, suggests that plaintiffs should not be precluded from having a jury trial on the issues of damages. While the facts in this case may be somewhat complex, they are no more complicated than antitrust and shareholder derivative suits which have been found suitable for jury determination. See Dairy Queen v. Wood, *supra,* 369 U.S. at 478, 82 S.Ct. 894; Richards v. Smoltich, 359 F.Supp. 9 (N.D.Ill.1973); Rogers v. Loether, *supra,* 467 F.2d at 1118.

■ This Court also concludes that there are no policy considerations which suggest that the legal issues of this case should not be submitted to a jury. As noted in the *Vaca* case:

> A primary justification for the preemption doctrine—the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for that purpose—is not applicable to cases involving alleged breaches of the union's duty of fair representation. 386 U.S. at 180, 181, 87 S.Ct. at 912.

Accordingly, just as the Supreme Court held that Congress has not ousted the courts of their traditional legal and equitable jurisdiction to curb arbitrary conduct by the individual employee's statutory representative, Vaca v. Sipes, *supra,* 386 U.S. at 183, 87 S.Ct. 903, this Court now finds that plaintiffs in this case have not been ousted of their right to a jury trial where they are seeking damages for their union's alleged breach of its duty of fair representation.

■ This Court by using the before-mentioned (*Ross*) test has reached the conclusion that plaintiffs' claim for damages because of the company's alleged breach of the collective bargaining agreement, also entitles them to a jury

trial. In support of this conclusion, the court considered the fact that (1) the breach of a collective bargaining agreement in which the employee is seeking damages is merely an action for breach of contract, an action which has been traditionally recognized as a legal action, Vaca v. Sipes, *supra,* 386 U.S. at 183, 87 S.Ct. 903; (2) as noted above, the remedy of damages for the breach of a legal duty is one which entitles a party to a trial by jury; and (3) the issues are suitable for determination by a jury. See Vaca v. Sipes, *supra.*

■ In view of the above, the Court finds that plaintiffs, pursuant to the Seventh Amendment to the Constitution of the United States, are entitled to a jury trial on their claims for damages for the breach of the duty of fair representation and for the breach of the collective bargaining agreement. The Court, however, finds that it, without the aid of a jury, must decide whether plaintiffs are entitled to receive any equitable relief. The Court also finds that it will make a determination on the requested equitable relief only after the jury has decided the legal claims. See Beacon Theatres v. Westover, *supra.* Hence, the Court, except for the equitable claims, denies defendants' motion.

II

■ Defendants have also moved that this Court order plaintiffs (during the trial) to submit evidence of defendant union's breach of the applicable collective bargaining agreement. In support of this motion, defendants state that a breach of duty of fair representation is "substantively antecedent to any successful claim for breach of contract."

The Court after reviewing the pleadings concludes that defendants have not stated sufficient reason for interfering with plaintiffs' order of proofs. Accordingly, the Court hereby denies this motion.

It is so ordered.

purely equitable in nature. Culpepper v. Reynolds Metals Co., 296 F.Supp. 1232, 1241, 1242 (N.D.Ga.1969) rev'd on other grounds at 421 F.2d 888 (5th Cir. 1970).

See also King v. Laborers International Union of North America, 443 F.2d 273 (6th Cir. 1971), and the cases cited therein.