**Frederick KINZEL, Plaintiff,**

v.

**ALLIED SUPERMARKETS, INC., and Amalgamated Meatcutters and Butcher Workmen of North America, AFL–CIO, Local 539, Defendants.**

**Civ. No. 9–71063.**

United States District Court, E. D. Michigan, S. D.

Dec. 16, 1980.

James E. Mulvoy, Bloomfield Hills, Mich., for plaintiff.

John Runyan, and A. David Mikesell, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Plaintiff Frederick Kinzel filed this action on April 13, 1979, alleging that his employer, Allied Supermarkets, breached a collective bargaining agreement by failing to accord him certain seniority rights and that his bargaining representative, the Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, Local 539, breached its duty of fair representation in its handling of plaintiff's grievance against Allied. Federal jurisdiction is based on § 301 of the Labor–Management Relations Act, 29 U.S.C. § 185.

This matter is now before the court on the motions of both defendants to strike plaintiff's jury demand pursuant to Fed.R. Civ.P. 12(f). Defendants assert that the equitable nature of plaintiff's claims and of the relief requested warrant denial of the right to a jury trial. Plaintiff relies on several cases where plaintiffs seeking damages resulting from a breach of the duty of fair representation were afforded jury trials.

There is a sharp division of authority over the right to a jury trial in fair representation cases. Some courts have denied jury trials on the basis that either the right or the remedy was equitable in nature. *See, e. g., Atwood v. Pacific Maritime Assoc.,* 432 F.Supp. 491 (D.Or.1977); *Harrison v. Chrysler Corp.,* 60 F.R.D. 9 (S.D.Ind.1973); *Nedd v. Thomas,* 316 F.Supp. 74 (M.D.Pa.1970); *Brady v. Trans World Airlines, Inc.,* 196 F.Supp. 504 (D.Del.1961). *Cf. Wirtz v. Maritime Union,* 399 F.2d 544 (2d Cir. 1968); *Ironworkers Local 92 v. Norris,* 383 F.2d 735 (5th Cir. 1967); *McCraw v. United Ass'n of Journeymen & Apprentices,* 341 F.2d 705 (6th Cir. 1965) (suits under the Labor–Management Reporting and Disclosure Act). Other courts have granted jury trials in fair representation suits, finding that the right and at least part of the remedy requested was legal in nature. *See, e. g., Cox v. C. H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir. 1979); *Minnis v. International Union, UAW,* 531 F.2d 850 (8th Cir. 1975); *Steele v. Brewery & Soft Drink Workers, Local 1162,* 432 F.Supp. 369 (D.Ind.1977); *Rowan v. Howard Sober, Inc.,* 384 F.Supp. 1121 (E.D.Mich.1974); *Lucas v. Philco–Ford Co.,* 380 F.Supp. 139 (E.D.Pa.1974). *Cf. International Brotherhood of Boilermakers v. Braswell,* 388 F.2d 193 (5th Cir.) *cert. denied,* 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968); *Simmons v. Avisco, Local 713, Textile Workers of America,* 350 F.2d 1012 (4th Cir. 1965); *Talavera v. Teamsters Local 85,* 351 F.Supp. 155 (N.D.Cal.1972) (suits under the Labor–Management Reporting and Disclosure Act).

The seventh amendment guarantees a trial by jury in "suits at common law where the value of the controversy shall exceed

twenty dollars." The merger of law and equity accomplished by the adoption of the Federal Rules of Civil Procedure in 1938 made the scope of the right to a jury trial in cases which contain both legal and equitable issues difficult to determine. In the cases of *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) and *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the Supreme Court determined that where a case presents both legal and equitable issues, the right to a jury trial on the legal issues persists.

As Judge Keith noted in the recent case of *Hildebrand v. Board of Education of Trustees of Michigan State University*, 607 F.2d 705 (6th Cir. 1979): "The question remains, what is a 'legal' issue?" *Id.* at 707. Courts faced with this problem have found guidance in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). In *Ross*, the Court provided a three part test to determine the legal nature of an issue and to decide whether there is a concomitant right to a jury trial:

> As our cases indicate, the "legal" nature of an issue is determined by considering, first, the pre–merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries.

*Id.* at 538 n. 10, 90 S.Ct. at 738 n. 10.

■ Applying the first part of the *Ross* test requires the court to ascertain the nature of the plaintiff's claims against his employer and his union. Plaintiff's suit against his employer for breach of a collective bargaining agreement is merely a breach of contract claim, which was a cause of action clearly recognized at common law. *Cox v. C. H. Masland & Sons, Inc., supra* at 143; *Rowan v. Howard Sober, Inc., supra* at 1125. However, there was no duty of fair representation at common law. The duty has been developed by the courts by construing various labor statutes. *See*, e. g., *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Vaca v.*

*Sipes*, 386 U.S. 171 (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

A suit for breach of the duty of fair representation has been compared to a common law tort or contract action seeking redress for breach of a legal duty. *Sanderson v. Ford Motor Co.*, 483 F.2d 102, 114 (5th Cir. 1973); *Steele v. Brewery & Soft Drink Workers Local 1162, supra* at 372; *Minnis v. International Union, UAW, supra* at 852; *Rowan v. Howard Sober, Inc., supra* at 1124. In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court relied on a similar analogy to common law tort actions to characterize a damages action under § 812 of the Civil Rights Act of 1968 as an action to enforce legal rights within the meaning of the seventh amendment. The Court noted that:

> A damages action under the statute sounds basically in tort–the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. As the Court of Appeals noted, [*Rogers v. Loether*, 467 F.2d 1110 (7th Cir. 1972)] this cause of action is analogous to a number of tort actions recognized at common law.

*Id.* at 195, 94 S.Ct. at 1009. Relying on the reasoning articulated in *Curtis*, this court adopts the conclusion of the courts in *Steele, Minnis*, and *Rowan* that the plaintiff's claim of breach of duty of fair representation involves rights of the sort typically enforced in an action at law and therefore warrants a trial by jury.

The second part of the *Ross* test requires an inquiry into the nature of the remedy sought to ascertain whether a plaintiff seeks a legal or an equitable remedy. In *Curtis v. Loether, supra*, the Supreme Court identified the form of relief sought as more important than ascertaining the common law counterpart of the cause of action claimed. *Id.* at 196, 94 S.Ct. at 1009. In his complaint, plaintiff in the instant case first requests an order establishing his seniority date as October 17, 1947. Secondly, plaintiff asks for damages caused by the reduc-

tion of his work hours and his subsequent lay off as well as expenses incurred in travelling to "less convenient work locations." In oral argument on the motion, the plaintiff and the union defendant agreed that the order restoring seniority was an equitable remedy. Defendants contend, however, that plaintiff's requests for back pay and travel expenses are actually claims for restitution, which is an equitable remedy, and therefore preclude the right to a jury trial.

■ Compensatory damages are the traditional form of relief offered by courts of law. *Curtis v. Loether, supra*, at 196, 94 S.Ct. at 1009. If a claim for legal relief is joined with an equitable claim, the right to a jury trial on the legal claim remains intact. *Beacon Theatres, Inc. v. Westover, supra; Dairy Queen, Inc. v. Wood, supra.* However, not every award of monetary relief is "legal" relief. *Curtis v. Loether, supra.* For example, although the Supreme Court has never addressed the issue, the courts of appeals have uniformly held that a jury trial is not required in an action for reinstatement and back pay under Title VII of the Civil Rights Act of 1964. *See, e. g., Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975); *E.E.O.C. v. Detroit Edison Co.*, 515 F.2d 301, 308 (6th Cir. 1975) *vacated and remanded on other grounds*, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802 (4th Cir.) *cert. dismissed* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969).

The rationale for this view offered by many courts is that a back pay award is incidental to the equitable relief requested and as such is but a claim for equitable relief as well. *Cf. McCraw v. United Association of Journeymen & Apprentices, supra* at 709 (court denied jury trial in LMRDA suit because money damages were incident to equity proceeding for reinstatement); *Brady v. Trans World Airlines, supra.* However, the Supreme Court has stated repeatedly that the right to a jury trial "cannot be abridged by characterizing the

legal claim as 'incidental' to the equitable relief sought." *Curtis v. Loether, supra*, 415 U.S. at 197 n.11, 94 S.Ct. at 1009 n.11. *Accord, Ross v. Bernhard, supra; Beacon Theatres v. Westover, supra; Dairy Queen, Inc. v. Wood, supra.* In view of this position of the Supreme Court, it is difficult not to reach the same conclusion as Justice (then Judge) Stevens did in *Rogers v. Loether, supra*, that a court can no longer deny a jury trial because back pay is requested as an incident to equitable relief.

Another rationale offered by courts denying jury trials in Title VII back pay cases is that back pay is a form of restitution, and as such, is an integral part of an equitable remedy. In *Rogers v. Loether, supra*, Justice Stevens explained this theory:

> The retention of "wages" which would have been paid but for the statutory violation (of improper discharge) might well be considered "ill–gotten gains"; ultimate payment restores the situation to that which would have existed had the statute not been violated.

*Id.* at 1121. Defendants cite no cases that rely on a similar theory of back pay as restitution to deny a jury trial in a breach of collective bargaining agreement suit or a fair representation claim. They rely on an analogy to the Title VII cases. Whatever may be the merit in adopting the Title VII rationale and characterizing back pay as restitution in the instant case, the court looks again to *Rogers v. Loether, supra*, as suggested by defendants, for assistance in distinguishing equitable from legal relief.

Although recognizing that an award of back pay may be characterized as restitution, the court in *Rogers v. Loether, supra*, described when payment of compensatory damages may not be similarly characterized as restitution:

> The payment of compensatory damages in a housing discrimination case, however, is not a return to plaintiff of something which defendant illegally obtained or retained; it is a payment in money for those losses–tangible and intangible– which plaintiff has suffered by reason of a breach of duty by defendant. Such

damages, as opposed to rent overcharges, unpaid overtime wages, or back pay, cannot properly be termed restitution.

*Id.* at 1122. *See also* D. Dobbs, Handbook on the Law of Remedies 137 (1973), which makes the following helpful distinction between damages and restitution:

> the money recovery called damages is based upon the plaintiff's loss, and in that respect stands in bold contrast to the money remedy called restitution, which is based upon the defendant's gain.

■ In the instant case, plaintiff claims travel expenses incurred as a result of defendants' misconduct as an element of damages in addition to his claims for back pay. Although the back pay remedy might arguably be classified as, in essence, a claim for restitution, plaintiff's claim for travel expenses is a legal claim for damages to compensate him for losses suffered as a result of a breach of duty by defendants. Travel expenses would be measured by plaintiff's out of pocket expenditures, not by any benefits retained by defendants. Although the amount of travel expenses is small, the right to a jury trial does not depend on the weight of the legal claim as compared to the equitable claim. In *Dairy Queen, Inc. v. Wood, supra,* 369 U.S. at 473 n.8, 82 S.Ct. at 897 n.8, the Supreme Court quoted a passage from *Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.,* 294 F.2d 486 (5th Cir. 1961) which stated:

> It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control.

*Id.* at 491. Plaintiff's claims for breach of a collective bargaining agreement and breach of the duty of fair representation are clearly legal, and although the remedies requested are mostly equitable or can be characterized as such, plaintiff also claims a legal damages remedy which entitles him to a trial by jury.

The third *Ross* test, which requires a consideration of the practical limitations of a jury trial, does not preclude a jury trial in this case. The facts are no more complicated than those in antitrust and shareholder's derivative suits where jury trials have been permitted. A jury could adequately perform the duty of finding the facts and awarding damages where appropriate.

Accordingly, for the reasons stated in this opinion, both defendants' motions to strike the plaintiff's jury demand will be denied. An appropriate order shall be submitted.