Kenneth WOOD, Jeffery Fansler, and Charles Bohner, In their Own Right and on Behalf of all Employees Covered by the Labor Contract Between Defendants, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL 406; The Kroger Company; and Hamady Bros. Food Markets, Inc., Defendants.

No. G80–742 CA.

United States District Court,
W.D. Michigan, S.D.

June 27, 1983.

Dennis C. Kolenda, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiffs.

Gordon J. Quist, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for Kroger.

A. Robert Kleiner and Mike Fayette, Kleiner, De Young & Fayette, Grand Rapids, Mich., for International Broth., et al.

Steven F. Spender, Hicks, Weston & Spender, Flint, Mich., for Hamady Bros. Food Markets, Inc.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This matter was originally filed in Kent County, Michigan, Circuit Court seeking damages and equitable relief against the defendants. The plaintiffs alleged that the duty of fair representation owed them by the union was breached during the events leading up to the transfer of certain property from Kroger to Hamady, that Kroger breached the collective bargaining agreement into which it had entered with the union, and that Hamady should be bound by the then-existing collective bargaining agreement pursuant to a successors and assigns clause in the collective bargaining agreement. On October 20, 1980, a petition for removal was filed seeking to have the matter removed to this Court. Jurisdiction was asserted under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. The plaintiffs filed a demand for a jury trial on November 12, 1980.

After leave was granted, the plaintiff's filed a supplemental complaint on May 11, 1982. In it, the original causes of action were reiterated, and the plaintiffs asserted three additional causes of action against Hamady—for unlawful handicap discrimination pursuant to M.C.L.A. § 37.1101 *et seq.*, for discrimination based on the prior filing of workers' compensation claims pursuant to M.C.L.A. §§ 418.101 *et seq.*, 37.-1101 *et seq.*, and for age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and M.C.L.A. § 37.2101 *et seq.* Now before the Court are the motions to strike the jury demand filed by Kroger and the Teamsters, based on the argument that the seventh amendment does not guarantee the

1. This is a "hybrid" action in the sense that the plaintiffs sue the Union for breach of its duty of fair representation and Kroger for breach of the collective bargaining agreement. *See United Parcel Service v. Mitchell,* 451 U.S. 56, 66, 101

right to a jury trial in § 301 actions such as this.

The right to trial by jury in civil cases is a basic and fundamental feature of our system of federal jurisprudence. The Supreme Court has held that courts should jealously guard against any diminution of this right. *Jacob v. City of New York,* 315 U.S. 752, 752–53, 62 S.Ct. 854, 854–55, 86 L.Ed. 1166 (1942). Indeed, the Supreme Court has held trial by jury to be the "normal and preferable mode of disposing of issues of fact in civil cases ..." and that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 485, 55 S.Ct. 296, 300, 79 L.Ed. 603 (1935). As the Supreme Court stated somewhat more recently, "[t]he federal policy favoring jury trials is of historic and continuing strength ...." *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963). It is within this framework that this "hybrid"[1] § 301 action should be viewed.

The test for determining whether there exists a right to trial by jury was set out in *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). There, the Court stated:

The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.[10]

---

[10] As our cases indicate, the "legal" nature of an issue is determined by considering, first, the premerger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries.

396 U.S. at 538 & n. 10, 90 S.Ct. at 738 & n. 10. Of course, where a case presents both legal and equitable issues, the right to jury trial on the legal issues may not be infringed. *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

S.Ct. 1559, 1565, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Actions brought under § 301 are governed by the body of federal substantive law fashioned by federal courts, *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), but this fact is not dispositive under *Ross* since this goes to the "character of the overall action." Neither is the fact that this action is a statutory cause of action, for even statutory actions which involve rights and remedies "typically enforced in an action at law," must be tried to a jury. *Curtis v. Loether,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974) (footnote omitted). The *Ross* test must be applied to determine whether the causes of action asserted by the plaintiffs against the Union and Kroger are legal or equitable in nature.

The claims against Kroger are clearly legal in nature. The plaintiffs allege that Kroger breached the collective bargaining agreement and also breached a stipulation entered into before this case was removed. The plaintiffs seek relief primarily in the form of damages. These claims are in the nature of breach of contract claims which were traditionally, and still are tried to a jury. By all of the criteria in *Ross,* these claims are new for which the right to trial by jury may be invoked.

The claims against the Union—primarily seeking damages for breach of the duty of fair representation and for breach of the stipulation—likewise should be tried to a jury. As previously discussed, the latter cause of action is analogous to a breach of contract claim. The former can be, and has been, analogized to a common law tort claim for which a right to jury trial exists.[2]

For this reason, there exists a right to jury trial on all claims against the Union.[3]

For the above reasons, the motions to strike the jury demand filed by the Union and The Kroger Co. are denied.[4]

---

2. *See, e.g., Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 143 (5th Cir.1979); *Minnis v. United Auto Workers,* 531 F.2d 850, 852 (8th Cir.1975); *Kinzel v. Allied Supermarkets,* 88 F.R.D. 360, 362 (E.D.Mich.1980).

It is interesting to note that the Sixth Circuit, in analyzing which statute of limitations should be applied in § 301 actions arising in Michigan, has also analogized duty of fair representation claims to common law tort claims. *Pitts v. Frito-Lay,* 700 F.2d 330, 334 (6th Cir.1983); *Smart v. Ellis Trucking,* 580 F.2d 215 (6th Cir. 1978).

3. Even if the duty of fair representation claim had been determined to have been an equitable claim, the plaintiffs would still be entitled to a jury trial on the breach of stipulation claim. *See Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

4. Although the Court has held that this case will be a jury trial, this does not mean, however, that remedies which are equitable in nature will be decided by the jury rather than the Court.