**Zdislaw STASIAK, Plaintiff,**

v.

**LOOMIS ARMORED, INC. and Truck Drivers Local Union No. 299, Defendants.**

**Civ. A. No. 87–CV–70545–DT.**

United States District Court, E.D. Michigan, S.D.

May 22, 1987.

Ernest L. Jerrett, Michael W. Smith, Detroit, Mich., for plaintiff.

Joseph A. Siciliano, Northville, Mich., Jerome S. Coleman, Farmington Hills, Mich., for defendants.

## OPINION DENYING DEFENDANT TRUCK DRIVERS LOCAL UNION NO. 299'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

DUGGAN, District Judge.

The Plaintiff brought this action against his former employer, Loomis Armored, Inc., and its exclusive bargaining agent, Truck Drivers Local Union No. 299 ("Union"), alleging breach of duty of fair representation and wrongful discharge in breach of a collective bargaining agreement, and requesting a jury trial. This matter is now before the Court on the Union's Motion to Strike the Plaintiff's Jury Demand. Defendant Loomis concurred in the Union's motion. The Union argues that the Plaintiff's claim is in equity, because Plaintiff seeks equitable relief (back pay and reinstatement), and therefore is not the proper subject for a trial by jury.

The Seventh Amendment states: "In suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved." The Supreme Court, in *Parsons v. Bedford*, 3 Pet. 433, 446–447, 7 L.Ed. 732 (1830), interpret-

ed the phrase "suits at common law" to mean "suits in which *legal* rights were to be ascertained and determined, as opposed to suits where equitable rights alone were concerned." If a case involves both legal and equitable issues, the right to a jury trial on the legal issues still exists. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471, 82 S.Ct. 894, 896, 8 L.Ed.2d 44 (1962); *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506–08, 79 S.Ct. 948, 954–55, 3 L.Ed.2d 988 (1959).

In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court held that the Seventh Amendment right to jury trial also applies to actions enforcing statutory rights, if the statute creates legal rights and remedies enforceable in an action for damages in court of law.

In the present case, the Plaintiff seeks damages for a breach of collective bargaining agreement, and for breach of the Union's duty of fair representation. Claims for breach of a collective bargaining agreement are essentially breach of contract claims, seeking damages. Accordingly, the right to a jury trial on these claims exists. *Stamps v. Michigan Teamsters Joint Council No. 6*, 431 F.Supp. 745, 746 (E.D. Mich.1977); *Lucas v. Philco–Ford Corporation*, 380 F.Supp. 139, 146 (E.D.Pa.1974); *Cox v. C.H. Masland & Sons*, 607 F.2d 138, 143 (5th Cir.1979).

Courts are divided on the issue of whether a right to a jury trial exists in claims for breach of fair representation. *Kinzel v. Allied Supermarkets, Inc.*, 88 F.R.D. 360 (E.D.Mich.1980). Some courts have denied jury trials in fair representation suits, on the basis either that the right or the remedy was equitable, while other courts have allowed jury trials, holding that fair representation suits seek enforcement of legal rights, or a legal remedy. *Kinzel* at 361. This Court agrees with the opinions of the Eighth and Fifth Circuits, in *Minnis v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW*, 531 F.2d 850 (8th Cir.1975), and *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir.1979), and

finds that a right to a jury trial exists in suits against a union for breach of duty of fair representation.

The Supreme Court in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), established three criteria for determining when a right to a jury trial exists: (1) The customary manner of trying such a case before the merger of law and equity in 1938; (2) The remedy sought by the plaintiff; and (3) the practical abilities and limitations of juries to decide the issue. *Ross*, 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10.

Applying the first criterion, it is obvious that there was no premerger custom regarding an exclusive bargaining agent's duty of fair representation. *Minnis v. International UAW*, 531 F.2d 850, 852 (8th Cir.1975). A fair representation suit, however, is comparable to a tort action, for breach of a common law duty, traditionally entitled to a jury trial. *Minnis* at 852, citing *Butler v. Local Union 823*, 514 F.2d 442, 447 (8th Cir.1975); *Sanderson v. Ford Motor Company*, 483 F.2d 102, 114 (5th Cir.1973); *de Arroyo v. Sindicato de Trabajadores Packing House, AFL–CIO*, 425 F.2d 281, 286–287 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970); *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 143 (5th Cir.1979).

In addition, the right to fair representation by an exclusive bargaining agent is a legal right, created by statute. 29 USC § 185; *Minnis* at 852, citing *Grey v. Insulators Local #51*, 416 F.2d 313 (6th Cir. 1969). Under the Supreme Court's holding in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), a right to a jury trial exists in actions to enforce statutory rights, if the statute creates legal rights and remedies enforceable in an action for damages and there is no evidence of a contrary congressional intent.

The second criterion involves the damages sought by the Plaintiff. The Plaintiff in the present action seeks back pay, reinstatement, lost insurance benefits, lost pension, sick pay and vacation benefits, and financial losses due to attempts to seek other employment. Compensatory damages are a traditional legal remedy. *Min-*

*nis* at 853; *Cox* at 143. Although courts have labelled back pay and reinstatement as equitable damages in suits under Title VII of the Civil Rights Act of 1964 (see, e.g. *Equal Employment Opportunity Commission v. Detroit Edison Co*, 515 F.2d 301, 308 (6th Cir.1975)), as the Supreme Court noted in *Curtis*, that label is the result of the statutory language. As further noted by the *Curtis* court, an award of back pay in Title VII cases is within the discretion of the trial judge. *Curtis* 94 S.Ct. at 1010. Damages resulting from a breach of the duty of fair representation are not discretionary, but recoverable as of right. *Minnis* at 852. Further, as noted by the court in *Kinzel v. Allied Supermarkets, Inc.*, 88 F.R.D. 360, 363 (1980), the Plaintiff's claim for damages to compensate him for losses suffered in seeking other employment cannot be characterized as an equitable claim. *Kinzel* at 364. Although this amount may be small, "it [makes] no difference if the equitable costs clearly outweigh[s] the legal costs so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved, the jury rights it creates control." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 n. 8, 82 S.Ct. 894, 897 n. 8, 8 L.Ed.2d 44 (1962).

The final criterion looks at the practical abilities and limitations of juries. This Court agrees with the *Minnis* and *Cox* courts, which held that a jury could adequately perform its duties in a breach of fair representation suit. *Minnis* at 852–53, *Cox* at 142–43.

This court is aware of the concurring opinion of Senior Circuit Judge Contie in *Wood v. International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local 406*, 807 F.2d 493, 494 (6th Cir.1986) in which Judge Contie stated that the fair representation issue is equitable in nature, and therefore not triable by a jury, because the primary relief sought for breach of the duty of fair representation is equitable (the majority in *Woods* did not reach the jury issue). Because the Plaintiff in the present action seeks damages for his out-of-pocket ex-

penses in searching for other employment, which cannot be characterized as equitable relief, this Court is not obligated to follow Judge Contie's statement in the present case. Further, this Court notes that Judge Contie's Opinion was a concurring one, and thus advisory rather than binding. Therefore, this Court finds that the Plaintiff is entitled to a jury trial on its claims, and Defendant Union's Motion to Strike Plaintiff's Jury Demand is denied. An order reflecting the above shall issue forthwith.