**Lucille Q. WOODS, Plaintiff,**

v.

**DUNLOP TIRE CORPORATION and United Rubber, Cork, Linoleum and Plastic Workers of America, Local # 135, Defendants.**

**No. CIV–85–1464E.**

United States District Court,
W.D. New York.

Nov. 10, 1987.

David G. Jay, Buffalo, N.Y., for plaintiff.

Richard Lipsitz, Buffalo, N.Y., Thomas Pogue, Atlanta, Ga., Edward Bloomberg, Buffalo, N.Y., for defendants.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiff brought this action under section 301(a) of the Labor Management Relations Act ("the LMRA"), 29 U.S.C. § 141 *et seq.*, after having been terminated from her employment with defendant Dunlop Tire Corporation ("Dunlop"). The Complaint alleges that Dunlop breached the collective bargaining agreement by terminating her without just cause, and further alleges that defendant United Rubber Workers Local 135 failed to fulfill its duty of fair representation. She seeks, *inter alia*, damages for lost wages and benefits, reinstatement and the restoration of seniority rights.

By the authority of 28 U.S.C. § 636(b)(1)(A), this Court referred the action to Hon. Edmund F. Maxwell, United States Magistrate, to hear and determine all nondispositive pretrial motions.[1] The defendants now move this Court to recon-

---

1. The relevant language of 28 U.S.C. § 636(b)(1)(A) states: "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court * * *. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

sider the Magistrate's Order granting the plaintiff a jury trial. Because the determination by the Magistrate is neither clearly erroneous nor contrary to law, and has implicit support in a recent opinion of the United States Court of Appeals for the Second Circuit, there is no reason for this Court to disturb the Magistrate's Order.[2]

In *Baskin v. Hawley*, 807 F.2d 1120 (2nd Cir.1986), the issues to be decided were identical to those in question here—*viz.*, whether the employer had breached the collective bargaining agreement and whether the union had breached its duty of fair representation.[3] Admittedly, the specific issue with respect to the availability of a jury trial in hybrid actions under section 301 was not before the Court, but the aforementioned issues had been heard by a jury. In discussing the jury charge, the appellate court did not express any concern over the plaintiff's right to a jury determination. The opinion implicitly supports the right to a jury trial where the dual nature of the action involves claims of a breach of the collective bargaining agreement by the employer and of a breach of the duty of fair representation on the part of a union.[4]

Unless expressly provided for by statute, any right to a jury trial in a civil action must emanate from the Seventh Amendment to the United States Constitution. Here the LMRA does not expressly provide for a jury trial in section 301 actions. Thus, the right to a jury trial, if any, must stem from the constitutional provision which preserves the right of trial by jury in suits at common law.

Invoking such ground for the propriety of a jury trial necessitates the application of a "historical test" to distinguish those actions which traditionally have been heard at common law (and therefore are triable to a jury under the Seventh Amendment) from those actions which in contradistinction were heard non-jury before courts of equity. The distinction is problematic with actions like the present one because a hybrid section 301 action brought against an employer and a union has no historical parallel prior to the merger of courts of law and of equity. Therefore, because such actions do not lend themselves to being easily categorized, the lower courts have reached varying conclusions.

In *Wood v. International Broth. of Teamsters*, 807 F.2d 493 (6th Cir.1986), the court did not reach the issue whether the district court had erred in failing to strike the plaintiff's demand for a jury trial.[5] The trial court had found that "[t]he right to trial by jury in civil cases is a basic and fundamental feature of our system of federal jurisprudence" and that a right to a jury trial exists for this type of action.[6] *Kinzel v. Allied Supermarkets, Inc.*, 88 F.R.D. 360, 361 (E.D.Mich.1980), noted the "sharp division of authority over the right to a jury trial in fair representation cases" and that "courts have denied jury trials on the basis that either the right or the remedy was equitable in nature." "Other courts," the opinion continues, "have granted jury trials in fair representation suits,

---

2. Rule 72(a) of the Federal Rules of Civil Procedure. *See also* fn. 1, *supra*.

3. In addition to *Baskin v. Hawley*, the Magistrate relied in part upon the following as authority: *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); and *Reinbird v. Elkem Metals Company*, CIV-84-18C (W.D.N.Y. April 17, 1986).

4. In *Baskin v. Hawley* the Court determined that, while it agreed with the district court's decision to set aside a jury verdict of damages for emotional distress imposed against the union defendant with respect to the breach of its duty of fair representation, the district court should have ordered a new trial on this claim as opposed to granting the union a judgment n.o.v.

The higher court therefore remanded this claim for retrial before a *properly instructed jury*. Clearly the Court envisioned no difficulty in allowing a jury to determine the factual issues whether an employer had breached a collective bargaining agreement and whether a union had breached its duty of fair representation.

5. The higher court reversed the denial of the employer's and union's motions for judgment notwithstanding the verdict without reaching the issue whether the plaintiffs' demand for a jury trial had been properly granted.

6. *Wood v. Intern. Bro. of Teamsters, Etc., Local 406*, 565 F.Supp. 1011 (W.D.Mich.1983).

finding that the right and at least part of the remedy was legal in nature." [7]

*Ross v. Bernhard* ("*Ross*"), 396 U.S. 531, 538, fn. 10, 90 S.Ct. 733, 738 fn. 10, 90 L.Ed.2d 729 (1970), offers some guidance in the ascertainment of the nature of an issue:

> "As our cases indicate, the 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries."

Based on the varying results reached by courts in attempting to apply the *Ross* test to actions arising out of the LMRA, what is a legal issue remains elusive.

Pre-merger custom obviously is inapplicable to section 301 suits inasmuch as such form of lawsuit did not exist prior to 1932.

The second *Ross* factor appears to cause the most difficulty in the analysis because it requires an inquiry into the nature of the remedy sought. Presumably, if the remedy is solely legal in nature a jury trial is indicated; if the remedy is solely equitable in nature, there is no right to a jury trial; and if the remedies are a combination of legal and equitable, the right to a jury determination may still exist. Given a combination of remedies, it is still possible to have a jury trial and allow the Court to decide any remedies that are equitable.[8] The problems inherent in applying the second factor are aptly demonstrated by looking at two opinions which exemplify the various conclusions courts have reached in applying the same analysis. In a concurring opinion Judge Contie in *Wood v. International Broth. of Teamsters, supra,* at 504, opined that the fair representation issue is equitable in nature, therefore not triable to a jury, because the primary relief sought for a breach of this duty is equitable.[9] Such reasoning assumes that setting aside an arbitration order is an eq-

uitable remedy as well as that the fair representation issue must be addressed prior to reaching the breach of contract issue. The analysis concludes that the breach of contract issue is legal in nature and that the remedy sought, damages in the form of backpay, is a legal remedy. Therefore, this is a claim triable before a jury.

By comparison, in *Kinzel v. Allied Supermarkets, Inc., supra,* at 363, the Court noted that many courts view an award of back pay as incidental to the equitable remedy of reinstatement and thus, by association, equitable relief as well. So the concurrence in *Wood v. International Broth. of Teamsters, supra,* finds damages for backpay a legal remedy, yet concludes that the issue of an alleged breach of a union's duty of fair representation is an equitable issue and, therefore, that there is no right to a jury trial. *Kinzel v. Allied Supermarkets, Inc., supra,* points out that, although damages for backpay may be viewed as a form of restitution and therefore equitable in nature, as long as a claim for equitable relief is joined with a claim for legal relief the right to a jury trial survives.[10]

There is little controversy with respect to the third factor as it is generally agreed that the issues are not beyond the ken of jurors. The divergent opinions stem from an analysis of the second *Ross* factor. Because the controversy hovers over this elusive second factor, this Court agrees with the suggestion found in Wright, *The Law of Federal Courts*, § 92 (1983), that, "[i]f the problem cannot be solved by history, resort must be had to policy, and the relevant policy, expressed in the Seventh Amendment, is favorable to jury trial."

Important to note, with respect to this right *vel non* to a jury trial is that the United States Supreme Court, in determin-

---

7. The numerous cases cited in *Kinzel v. Allied Supermarkets, Inc.* indicate that the controversy is far from settled.

8. *Wood v. Intern. Bro. of Teamsters, Etc., Local 406, supra.*

9. The opinion contains a footnote reiterating that the Court did not reach this issue, but it nonetheless did not disagree with the analysis supplied in the concurrence.

10. The opinion also states that claims for breach of a collective bargaining agreement and for a breach of the duty of fair representation are legal claims.

ing the applicable statute of limitations for these hybrid actions under section 301, likened the claim against the union for breach of its duty of fair representation to that of a legal malpractice claim against an attorney who had mishandled a commercial arbitration proceeding. *DelCostello v. Teamsters,* 462 U.S. 151, 167, 103 S.Ct. 2281, 2292, 76 L.Ed.2d 476 (1983). Although the Court did not apply that specific limitations period, it did state that the legal malpractice claim is "admittedly the closest state-law analogy for the claim against the union." *Ibid.* There is no question that a legal malpractice claim is an action at law and therefore entitles a plaintiff to jury trial.

Further support for the position that resort must be had to the policy in favor of jury trials, is found in the decisions of *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), wherein the Court clearly established that any legal issue in which a timely and proper demand for a jury trial is made should be submitted to a jury. As has been pointed out, there is a strong federal policy favoring trial by jury with respect to issues of fact. Wright & Miller, *Federal Practice and Procedure,* § 2302 (1971).

Because there is wide controversy over how to categorize the issues of alleged breaches of collective bargaining agreements and duties of fair representation, the Magistrate's order cannot be regarded as "clearly erroneous and contrary to law." The Magistrate relied upon recent decisions of this Circuit and adhered to the policy which favors jury trials in doubtful situations. Accordingly the Order of the Magistrate granting plaintiff's request for a jury trial is hereby AFFIRMED.