Lynn **VINEYARD, Plaintiff,**

v.

**FORD MOTOR COMPANY, the United Automobile and Agricultural Implement Workers of America, and Lee Schlaufman, Defendants.**

**No. 88–CV–73655–DT.**

United States District Court, E.D. Michigan, S.D.

Dec. 16, 1988.

John G. Thompson, Mount Clemens, Mich., for plaintiff.

Jordan Rossen, Legal Dept. U.A.W., Connye Y. Harper, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

Plaintiff brings this action against his Union and Ford Motor Co., his former employer, alleging a breach of the collective bargaining agreement by Ford and a breach of the Union's duty to fairly represent the plaintiff. Currently before the Court is the Union's motion to strike plaintiff's jury demand. The Union submits that plaintiff's claims are equitable in nature and therefore, plaintiff has no right to a jury.

Courts are divided on the issue of whether there exists a right to a jury for breach of fair representation claims. Some courts have denied jury trials finding such actions equitable. *See Chrysler Workers Assn. v. Chrysler Corp.*, 663 F.Supp. 1134, 1142 (N.D.Ohio 1986) aff'd on other grounds, 834 F.2d 573 (6th Cir.1987); *Atwood v. Pacific Maritime Ass'n.*, 432 F.Supp. 491, 497 (D.Ore.1977).

Other courts have allowed jury trials holding that fair representation suits seek enforcement of rights or remedies that are of legal origin. *See Minnis v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of Am., UAW*, 531 F.2d 850 (8th Cir.1975); *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir.1979). Indeed, the courts of this district are split on the issue. *Compare Stasiak v. Loomis Armored,*

*Inc.*, 706 F.Supp. 22, (E.D.Mich.1987) (Duggan, J.); *Kinzel v. Allied Supermarkets, Inc.*, 88 F.R.D. 360 (E.D.Mich.1980) (Freeman, J.) (Held: plaintiff entitled to jury in a fair representation suit.) *with Hatfield v. Ford Motor Co.*, No. 86–CV–30035–PH (E.D.Mich. August 31, 1988) (Binder, Magistrate, by Order of reference from Harvey, J.); *Tutetchi v. General Motors Corp.*, No. 87–3153, (E.D.Mich. March 28, 1988) (Suhrheinrich, J.) (Held: plaintiff not entitled to jury in a fair representation suit.)

In *Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970), the Supreme Court set forth three criteria for determining the existence of a right to a jury:

(1) the customary manner of trying such cases before the merger of law and equity;

(2) the remedy sought by the plaintiff; and

(3) the ability and limitations of a jury in deciding the issue.

Applying these criteria to this case the Court concludes that plaintiff has a right to a jury.

The first criterion is of little significance. The duty of a bargaining agent to fairly represent its principals did not exist prior to the merger of law and equity. However in *Minnis v. International UAW, supra,* the Eighth Circuit found fair representation suits comparable to traditional tort actions for breach of a common law duty. Such tort actions are entitled to a jury trial.

The second criterion requires review of the damages sought by the plaintiff. Plaintiff seeks compensatory damages in the form of back pay and compensation for lost benefits. Plaintiff does not demand reinstatement. Compensatory damages are a traditional legal remedy.[1]

---

**1.** Defendant cites *Moore v. Sun Oil Co. of Pennsylvania*, 636 F.2d 154, 156 (6th Cir.1980) for the proposition that a claim for back pay is per se a claim in equity. Defendant is incorrect. While claims for back pay made under Title VII and

42 U.S.C. §§ 1981, 1983 may be equitable, not all claims for back pay are per se equitable.

In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court held that when a statute creates rights and remedies enforceable in an action for damages, the

**42**

The final criterion requires consideration of the abilities and limitations of the jury. The defendant Union submits that the question of liability involves technical issues of labor law beyond the comprehension of the jury. This Court disagrees. To prove a breach of a union's duty of fair representation, the plaintiff must establish that the union handled the plaintiff's grievance arbitrarily or with hostility. *See Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Ruzicka v. General Motors,* 649 F.2d 1207, 1212 (6th Cir.1981). This Court finds that a jury can, without difficulty, apply this clearly stated standard to the facts as they may find them.

Applying the Ross criteria to this case, the Court finds that plaintiff has a right to a jury trial.[2] Accordingly, the Union's motion to strike the jury demand is DENIED.

IT IS SO ORDERED.

right to a jury exists unless there is evidence of a contrary congressional intent.

Backpay is considered equitable under Title VII of the Civil Rights Act of 1964 because of the statutory language. The right to fair representation is created by statute. See 29 U.S.C. § 185; *Minnis,* 531 F.2d at 852. Nothing in the statute suggests that damages arising from a breach of the duty of fair representation should be construed as equitable.

2. In arriving at this decision the Court has considered the concurring opinion of Circuit Judge Conte in *Wood v. International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of Am., Local 406,* 807 F.2d 493, 494 (6th Cir.1986). In *Wood,* Judge Conte found that the right to a jury does not attach to a fair representation claim. However, the majority in *Wood* did not reach the right to a jury issue. Therefore, Judge Conte's opinion is not binding on this Court.